<hr />

CORNELIUS PIERPONT *vs.* ROBERT WILSON.

A husband who knowingly permits his wife to be without necessary supplies and without money or credit to procure them, authorizes her to procure them from any person who is willing to furnish them on the husband's credit.

And the right of any person to supply her wants on the husband's credit is not affected by notice, general or special, given by him that he should pay for no supplies that were not furnished on his written order.

And it is not the duty of the wife in such a case to first seek him and ask for such an order.

ASSUMPSIT for goods sold; brought to the Court of Common Pleas, and tried before *Harrison, J.* Facts found and judgment rendered for the plaintiff for a less sum than he claimed. Motion in error by plaintiff. The case is fully stated in the opinion.

*W. K. Townsend* and *J. H. Whiting*, for the plaintiff.

*W. B. Stoddard* and *E. P. Arvine*, for the defendant.

PARDEE, J. In October, 1878, the defendant abandoned his wife; she having neither necessary food nor means. for procuring it, the plaintiff supplied her upon the credit of the defendant until March 28th, 1879; his account is $104.93. In November, 1878, he sent to the defendant a statement of supplies theretofore furnished, amounting to $16.87; the latter then notified him that he should pay neither for past nor future supplies furnished without his written order. From the time of the abandonment the defendant was not asked by his wife to furnish supplies; he furnished none; and notified parties generally with whom he had been trading not to trust her except upon an order

from himself, but gave her no order for supplies. The plaintiff claimed judgment for the full amount of his account; the Court of Common Pleas allowed him $16.87, and interest; he filed a motion in error.

Marriage imposes upon the husband an obligation to supply his wife with necessary food—an obligation from which he does not obtain release by abandoning her. The defendant by knowingly permitting his wife to be without necessary supplies, and without money or credit of her own wherewith to procure them, authorized her to purchase them from the plaintiff or any other person who, having knowledge of her necessities, should supply them. He could at any time put an end to the right of the plaintiff to supply her upon his credit by himself supplying her. But, while purposely withholding all credit and all supplies, he could not shut her up to want, either by following her and by private notices barring each successive door which might open to her appeal, or by inserting notices in the newspapers warning every person against supplying her. He must supply her if he desires to terminate the power to pledge his credit which his neglect has given her. And, having abandoned her with knowledge that she would presently be without necessary supplies and without money or credit of her own wherewith to obtain them, and having intentionally refrained from supplying her, she was under no obligation to seek him and ask his consent to her purchase from the plaintiff; nor was the latter, knowing her necessities, under any obligation to obtain his permission to supply them. Her necessary food is not to be made dependent upon her ability to find him. After abandonment the obligation remained upon him to take the initiative; to furnish food, known to him to be necessary, without demand; and unless he furnished it, notices, special or general, avail him nothing.

There is error in the judgment complained of; it should be for the full amount of the plaintiff's claim.

In this opinion the other judges concurred.