MARGARET BOUSHAY *v.* GEORGE BOUSHAY.

MALTBIE, C. J., AVERY, JENNINGS, ELLS and DICKENSON, JS.

Argued June 2—decided July 28, 1942.

*Ephraim E. Sinn,* for the appellant (plaintiff).

*Philip Reich,* with whom, on the brief, was *Samuel Reich,* for the appellee (defendant).

DICKENSON, J.   In this action a wife sued her husband in equity for support, alleging abandonment and failure to support since April 1, 1940.  The answer was a general denial, to which a special defense was added setting up a contract between the parties by the terms of which the plaintiff waived all claims and demands upon the defendant.  This contract was dated August 5, 1935.  The plaintiff's reply was a general denial. Judgment was entered for the defendant from which the plaintiff appealed.  A divorce action was brought by the husband shortly after the writ and complaint

in the instant action were returned to court, and was pending when judgment was entered for the defendant herein. Thereafter, judgment was entered for the wife in the divorce action. She then moved to open the judgment in the instant action upon the ground of contradictory testimony amounting to admissions on the part of the husband in the divorce action. This motion was denied.

The first six assignments of error attack the finding of facts, but as no evidence was printed in the record these assignments present nothing for our consideration. The seventh assignment is upon the ground that the conclusions are not supported by the facts set forth in the finding. The eighth and final assignment refers to claims of law "asserted in the Third Part of the Draft Finding." No such part appears in the record but a comparison of the claims of law in the copy of the draft finding filed in this court shows that they were the same as the claims of law stated in the finding to have been made by the plaintiff and we regard the assignment as directed to these. In her brief the plaintiff includes a discussion, under the eighth assignment of error, of the denial of the motion to reopen the judgment. The denial of the motion was within the discretion of the trial court; *Carrington* v. *Muhlfeld*, 122 Conn. 334, 337, 189 Atl. 184; and there is nothing in the record to show an abuse of that discretion.

The facts are as follows: The parties were married in 1901. On August 5, 1935, they entered into a contract, by the terms of which, in consideration of the defendant's transfer to the plaintiff of his undivided half interest in property jointly owned by them at 160 Broadway, Milford, she released and discharged him from all obligation to support her and waived any rights in his estate in event of his death. The plain-

tiff formally acknowledged in the contract that it was at her request and demand and upon her refusal to live and cohabit with the defendant that he vacated the premises at 160 Broadway, and this has been found to be a fact by the trial court. She has never offered to restore any part of the consideration of the contract and since its execution the defendant has provided her with no support except under an order for alimony pendente lite, issued in the divorce action. During much of the period since the plaintiff has owned the home she has taken roomers and boarders. Sometime after the execution of the contract the defendant went back to the house, where he was given board and room by the plaintiff at a price of $15 per week. He occupied the status of a roomer and boarder for an unstated period, but was ordered out of, and excluded from, the house by the plaintiff in 1940. The trial court further found, although in the form of a conclusion, that since 1940 the plaintiff, without legal justification, refused to live and cohabit with the defendant or otherwise to perform the duties of the marriage contract. Such conduct, so long as it continued, suspended any obligation on his part to support her. *Alexander* v. *Alexander*, 107 Conn. 101, 108, 139 Atl. 685. The facts support the conclusions of the trial court that aside from the contract the plaintiff was not entitled in this action to a decree for support during the period for which she sued and make it unnecessary to discuss the special defense that the agreement signed by the parties in 1935 relieved the defendant of any obligation to support her.

There is no error.

In this opinion the other judges concurred.