## Mary T. Cantiello v. Dominico Cantiello

Brown, Jennings, Baldwin, Inglis and O'Sullivan, Js.

Argued February 14—decided May 31, 1950.

Edward J. Lang, with whom were Helen F. Krause and Kenneth J. Zarrilli, for the appellant (plaintiff).

Alvin W. Peck, with whom, on the brief, was David Goldstein, for the appellee (defendant).

BALDWIN, J. The plaintiff brought suit under § 7308 of the General Statutes for reimbursement of sums which she alleges she expended to support herself during the period of separation from her husband, the defendant. These facts appear from the finding, including the corrections to which the plaintiff is entitled: The parties were married in Bridgeport on February 28, 1939. There are no children of their marriage. The plaintiff had seven children by a previous marriage and the defendant four. During the time they were living together trouble developed and they separated several times, but each time they composed their differences. On November 11, 1941, they separated and have not occupied the same house since. The plaintiff lived with her children in a house on Newfield Avenue which she had purchased and subsequently transferred to her children. In January, 1944, she moved, with her children, into a house on Seaview Avenue purchased by the children. Five of the children were gainfully employed. They gave the plaintiff over $300 a week during the war years so that she received, on an average, at least $100 a week from them during the entire period from 1941 to 1946.

The defendant has been employed by the post office department as a janitor for almost fourteen years. His pay in 1941 was approximately $30 a week and it had gradually been increased to $47 in 1946. In addition, he received a pension from the government of $10 a month for a service-connected disability incurred in World War I. Living with the defendant, and dependent upon him for full or partial support, were his own minor children, a married daughter with an infant child and a son who had joined the army in 1940 at the age of eighteen and was rendered totally disabled in 1943 when a ship on which he was a passenger was torpe-

doed. In May, 1945, the defendant instituted divorce proceedings on the ground of desertion against the plaintiff, who filed a cross complaint on the same ground. In June, 1946, when the action was still pending, Mrs. Cantiello made application for alimony pendente lite, and an order was entered for $12 a week. The complaint of divorce was dismissed in October, 1946, and the cross complaint was withdrawn. The defendant, however, continued to pay $12 a week up to the date of the trial of this case. At the time of the separation the plaintiff did not claim support, nor did the defendant refuse to furnish it. They remained friendly and occasionally went out together. The defendant bought the plaintiff a fur coat, dresses, slips and hosiery. She never requested her husband to return to her, although on a number of occasions he asked her to live with him and she refused. She apparently had no intention of demanding any support, for she was adequately taken care of by her children. The plaintiff preferred to live with her own children apart from the defendant and to support herself out of the substantial sums she was receiving from them. The court concluded that the plaintiff was not justified in living apart from the defendant and denied recovery.

The plaintiff bases her action on that part of § 7308 [1]

---

[1] "LIABILITY FOR PURCHASES. All purchases made by either husband or wife in his or her own name, in case of marriage on or after April 20, 1877, shall be presumed in the absence of notice to the contrary to be on his or her private account and liability; but both shall be liable for the reasonable and necessary services of a physician and for hospital expenses rendered the husband or wife or their minor child while residing in the family of its parents, and for the rental of any tenement or premises actually occupied by such husband and wife as a residence and reasonably necessary to them for such purpose; and both shall also be liable when any article purchased by either shall have in fact gone to the support of the family, or for the joint benefit of both, or for the reasonable apparel of the wife, or for her reasonable support while abandoned by her husband. It shall be the

which provides that "the wife shall be entitled to an indemnity from the property of the husband for any property of her own that shall have been taken, or for any money that she shall have been compelled to pay, for the satisfaction of any such claim." By this language the General Assembly did not intend to modify the common law so far as the substantive rights and duties of a husband with relation to his wife are concerned. The purpose of the whole sentence of which the portion quoted is a part is to make it clear that, although the preceding part of the section makes the wife jointly liable with her husband to third parties for necessaries furnished the family, it is the husband who is primarily liable. See *Bohun* v. *Kinasz*, 124 Conn. 543, 546, 200 A. 1015. Under the statute, the wife is entitled to be indemnified by her husband for creditors' claims either when her property has been levied upon or when she has been compelled to pay "for the satisfaction of any such claim." The words "such claim" refer to a claim for necessaries for which, under the provisions of the first part of the statute, she and the husband are jointly liable. None of these provisions makes the husband liable to the wife when the parties are living apart except the phrase "or for her reasonable support while abandoned by her husband." At common law a husband could not, by abandoning his wife, obtain release from the obligation which the mar-

duty of the husband to support his family, and his property when found shall be first applied to satisfy any such joint liability; and the wife shall be entitled to an indemnity from the property of the husband for any property of her own that shall have been taken, or for any money that she shall have been compelled to pay, for the satisfaction of any such claim. No action shall be maintained against a husband under the provisions of this section, either during or subsequent to any period of separation from his wife, for any liability incurred by her during such period of separation, if, during such period, he shall have provided her with reasonable support."

riage had imposed upon him to supply her with neces-
saries. *Pierpont* v. *Wilson,* 49 Conn. 450, 451. The
words "such claim" do not refer to any claim except
one for which the husband is liable, and he is not liable
under the statute to his wife for a claim for necessaries
supplied by her while they are living apart unless the
separation is caused by his abandonment, either actual
or constructive. The court has not found that the de-
fendant abandoned the plaintiff. Rather it found that,
while the defendant had asked the plaintiff to live with
him, she had refused, preferring to live with her own
children and to support herself out of the substantial
sums she was receiving from them, and it concluded
that she was not justified in living apart from her
husband. Under such circumstances, there could be
no liability upon the defendant to reimburse the plain-
tiff. *Boushay* v. *Boushay,* 129 Conn. 347, 349, 27 A.
2d 800; *Alexander* v. *Alexander,* 107 Conn. 101, 108,
139 A. 685.

It is the primary obligation of the husband to furnish
support to his wife. If she is living apart from him
without justification, this obligation is suspended.
*Boushay* v. *Boushay,* supra; *Alexander* v. *Alexander,*
supra. Under such circumstances, within the contem-
plation of the statute, she is not "compelled to pay"
for her own support, because no fault on his part re-
quires her to do so. When the husband has abandoned
the wife, or when he makes it intolerable for her to live
with him and thereafter he refuses to furnish her sup-
port and fulfill the primary obligation which the law
places upon him, upon proper evidence offered she may
be entitled to relief under the statute on the grounds
that she has been compelled to support herself.
*Churchward* v. *Churchward,* 132 Conn. 72, 79, 42 A.
2d 659; *Bohun* v. *Kinasz,* 124 Conn. 543, 546, 200 A.

1015; *Manufacturers Trust Co.* v. *Gray,* 278 N. Y. 380, 387, 16 N. E. 2d 373.

Although it is not essential to the decision of the case, in view of the construction we place upon this statute, we will nevertheless deal with the plaintiff's claim that, by reason of the last sentence of the statute, the only defense to an action for reimbursement for money expended by a wife for her support during separation is that the husband provided the wife with reasonable support during that period. That sentence reads: "No action shall be maintained against a husband under the provisions of this section, either during or subsequent to any period of separation from his wife, for any liability incurred by her during such period of separation, if, during such period, he shall have provided her with reasonable support." When read in the light of its legislative history, the intention expressed is clear. In the case of *Baledes* v. *Greenbaum,* 112 Conn. 64, 151 A. 333, decided July 31, 1930, a divided court held that, even though an absent husband was providing support to his wife, one who has furnished the wife with necessaries may recover from the husband. We said (p. 67), "The remedy provided by the statute does not rest upon the failure of the defendant to provide support for his wife and children, but permits a recovery for any article which has in fact gone to the support of the family without respect to what provision for their support has been made otherwise," citing *Howland Dry Goods Co.* v. *Welch,* 94 Conn. 265, 267, 108 A. 510. In the latter case, the court pointed out (p. 268) the "possible hardship upon a husband who is in fact providing sustenance and maintenance for his family, in having bills contracted for the same purpose against his will, and in having purchases made from those with whom he does not desire to trade." These cases were both decided before the

language upon which the plaintiff relies was a part of the statute. This language amended General Statutes, Rev. 1930, § 5155, in 1935. Cum. Sup. 1935, § 1596c. See 22 Conn. B. J. 203, 235. It is very apparent that it was not added as a limitation upon the defenses which might be available to a husband in an action brought against him by his wife.

Under our conclusion, the single ruling upon evidence complained of could not have constituted prejudicial error.

There is no error.

In this opinion BROWN, C. J., JENNINGS and INGLIS, Js., concurred; O'SULLIVAN, J., concurred in the result.