GRACE S. EDSON *v.* RAYMOND I. EDSON

BROWN, C. J., JENNINGS, BALDWIN, INGLIS and O'SULLIVAN, Js.

Argued March 11—decided April 22, 1952

*Lewis J. Somers,* for the appellant (plaintiff).

*Paul W. McMahon,* for the appellee (defendant).

BALDWIN, J. This is an action by a wife against her husband to recover for support which she claims he failed to provide in the past and for an order directing him to provide support in the future. The trial court rendered judgment for the defendant and the plaintiff has appealed. Prior to the commencement of the action, the plaintiff had instituted suit for divorce; she obtained a decree of divorce before the case at bar came to trial.

The finding is not subject to any correction that will benefit the plaintiff's case on the issues of law involved. The determinative facts may be briefly stated. The parties were married in 1917. They are the parents of three sons, all over twenty-one years of age and self-supporting. For some years before 1948 they lived together in a house purchased by the defendant and

standing in the names of both the plaintiff and the defendant, with right of survivorship. All the men contributed to the support of the household until 1948, when the plaintiff separated from the defendant because of his intemperance. She moved into the second floor of the house with her sons. The defendant lived downstairs in a separate apartment. He continued to pay for the utilities and to provide the home, but otherwise the sons supported the plaintiff. The parties were divorced in November, 1950, upon the petition of the plaintiff. She was awarded alimony at the rate of $25 a week. Subsequent to their separation but before their divorce, the sons paid medical and hospital expenses totaling $600 for an operation which the plaintiff required. During 1950, the plaintiff purchased a stove costing $325, but it was paid for by contributions from the sons. There was no evidence that the plaintiff's estate had been depleted in any way or that she had expended money of her own for her support or, if she did, what the amount was. Further, the court expressly found that there was no such depletion or expenditure.

The law imposes a primary duty upon the husband to support his wife and family. To compel the performance of this duty, the wife may invoke the remedy provided by General Statutes, § 7308, and recover from the husband for "any property of her own that shall have been taken, or for any money that she shall have been compelled to pay" for the support of herself. *Cantiello* v. *Cantiello*, 136 Conn. 685, 689, 74 A. 2d 199; *Bohun* v. *Kinasz*, 124 Conn. 543, 546, 200 A. 1015; *Churchward* v. *Churchward*, 132 Conn. 72, 79, 42 A. 2d 659. She may also bring an action in equity and seek an order for future support. *Artman* v. *Artman*, 111 Conn. 124, 129, 149 A. 246; *Smith* v. *Smith*, 114 Conn. 575, 578, 159 A. 489; see *DeRosa* v. *DeRosa*, 129

Conn. 409, 410, 28 A. 2d 846.   We construe the case at bar as one wherein the plaintiff was originally seeking both forms of relief in one action.   See *Burke* v. *Burke,* 137 Conn. 74, 78, 75 A. 2d 42; *Artman* v. *Artman,* supra; *Bohun* v. *Kinasz,* supra, 545.   At the trial, the plaintiff abandoned any claim on her cause of action seeking future support, because an order for alimony had been entered in the judgment for divorce. We therefore do not pass upon that claim.

Her claim under § 7308 is without merit.   The construction placed upon this statute in the *Cantiello* and *Churchward* cases, cited above, clearly supports the conclusion of the trial court that the plaintiff cannot recover because she has not proved that she ever spent any of her own money for support.   "Under the statute, the wife is entitled to be indemnified by her husband for creditors' claims either when her property has been levied upon or when she has been compelled to pay 'for the satisfaction of any such claim.'"   *Cantiello* v. *Cantiello,* supra, 688.   If she cannot show that her property has been taken or that she has been compelled to pay money of her own to support herself, there is no basis for any right of indemnity.   The claims of others who may have furnished her support, paid her medical bills or purchased other things for her maintenance are not involved in this action.

There is no error.

In this opinion the other judges concurred.