SOPHIA KURZATKOWSKI *v.* PHILIP A. KURZATKOWSKI

INGLIS, C. J., BALDWIN, O'SULLIVAN, WYNNE and DALY, Js.

Argued June 8—decided July 19, 1955

*Rocco R. P. Perna,* for the appellant (defendant).

*J. Richard Fay,* for the appellee (plaintiff).

INGLIS, C. J. This is an action brought by a wife against her husband. The relief prayed is (1) that the defendant be ordered to make weekly payments to the plaintiff for her support and (2) that he be ordered to reimburse her for sums expended by her for the support of herself and her children prior to the institution of the action. The trial court rendered judgment denying the second prayer for relief because of lack of proof of what the plaintiff had expended for support. It ordered the defendant to pay $20 per week for her future support. From this judgment the defendant has appealed.

In spite of a wholesale attack upon the finding, it is not subject to modification. The material facts set forth in it are the following: The parties were married in 1916 and lived together in Stamford un-

til October 17, 1929, when they separated. They have lived apart since that time. They have four children, all of whom have long since attained their majority. The events which led to and caused the separation were these: For some time prior to October 16, 1929, the defendant's treatment of his wife had been unbearable. At about 8:30 a.m. on that day, the defendant arrived home from his night job; shortly thereafter a fight started in which the defendant inflicted serious injuries upon the plaintiff. As a result the defendant was arrested. On the following day, the prosecutor in the Stamford City Court attempted to bring about a reconciliation. His efforts were unsuccessful because the plaintiff would not consent. The defendant was then found guilty on a charge of assault and was ordered to pay the plaintiff $15 per week for the support of their children. On several occasions between October 17, 1929, and the summer of 1937, the defendant in good faith requested the plaintiff to resume marital relations, but she always refused because she was afraid that the defendant would again inflict bodily harm upon her. From 1929 to 1932 the defendant made some payments toward the support of his children. Except that he took care of the expenses of the plaintiff while she was confined in a mental hospital in 1937, he paid nothing for the plaintiff's support from October, 1929, to the time of the institution of this action in June, 1953. During all of that time he resided in Stamford, but the plaintiff made no claim against him for support until she started this suit.

The court concluded that, although the defendant acted in good faith on the occasions when he sought to resume marital relations with the plaintiff, the latter was justified in living apart from him because

he had assaulted her and she feared bodily harm from him. The principal question raised by the defendant on this appeal is whether, having found that the defendant's offers of reconciliation were made in good faith, the court erred in concluding that the plaintiff's continued refusal to live with the defendant was justified and, therefore, did not cause a forfeiture of her right to support.

It is elementary that the primary obligation is upon a husband to support his wife. This obligation, however, is an incident to his right to cohabitation, and therefore a wife's right to support is suspended when she, without justification, insists on living apart from him. *Edson* v. *Edson,* 138 Conn. 701, 703, 88 A.2d 371; *Cantiello* v. *Cantiello,* 136 Conn. 685, 689, 74 A.2d 199; *Martin* v. *Martin,* 134 Conn. 354, 357, 57 A.2d 622; *Boushay* v. *Boushay,* 129 Conn. 347, 349, 27 A.2d 800. What conduct on the part of a husband will justify his wife in living apart is not the subject of exact definition by any rule of universal application. It may be something less than conduct which would constitute intolerable cruelty as a ground for divorce. It is sufficient if the husband has made it intolerable in any way for his wife to live with him. *Cantiello* v. *Cantiello,* supra. In the present case, there can be no question that the plaintiff was amply justified in separating from the defendant in October, 1929. His assault upon her at that time, as well as his cruel treatment of her before then, relieved her of the obligation to cohabit as a prerequisite of her right to support. The only question on this phase of the case, therefore, is whether her rejection of the defendant's repeated offers of reconciliation, made in good faith, destroyed her right to support.

It must be borne in mind that the husband's fault

which brought about the original separation was not that he deserted the plaintiff. If that had been all there was to it, his offers to return might have been enough to correct that fault and, if rejected by the wife, might well have put her in the position of one who has unjustifiably refused cohabitation. The husband's fault which brought about the separation was a continued series of acts of cruelty. When that is the case, in order that the wife be under an obligation to resume cohabitation it is essential that something more appear than that the husband's offers of reconciliation were made in good faith. It must also appear from the character of the man that there is a reasonable probability that he will not again indulge in acts of cruelty. *DeRosa* v. *DeRosa,* 129 Conn. 409, 411, 28 A.2d 846. The court made no finding to that effect. On the contrary, it was found that for a long time prior to the separation the defendant's treatment of his wife had been characterized by cruelty. In the absence of a finding that there had been any change in the defendant's character in this regard, the court clearly was warranted in its conclusion that the plaintiff was justified in living apart from her husband.

There is only one other contention made by the defendant that merits discussion. That is that the court erred in failing to find that the plaintiff was guilty of laches. A conclusion that a plaintiff has been guilty of laches is one of fact for the trier and not one that can be made by this court, unless the subordinate facts found make such a conclusion inevitable as a matter of law. *Miller* v. *McNamara,* 135 Conn. 489, 497, 66 A.2d 359; *Goldberg* v. *Krayeske,* 102 Conn. 137, 141, 128 A. 27; *Robert* v. *Finberg,* 85 Conn. 557, 563, 84 A. 366; *Fox* v. *Tabel,* 66 Conn. 397, 400, 34 A. 101. Laches consists of two

elements. First, there must have been a delay that was inexcusable, and, second, that delay must have prejudiced the defendant. *Kievman* v. *Grevers,* 122 Conn. 406, 411, 189 A. 609; *Mills* v. *Mills,* 119 Conn. 612, 621, 179 A. 5; *Allis* v. *Hall,* 76 Conn. 322, 334, 56 A. 637; *Waterman* v. *A. & W. Sprague Mfg. Co.,* 55 Conn. 554, 574, 12 A. 240. We need not discuss whether the lapse of twenty-five years before the institution of the plaintiff's suit could be called inexcusable, since there is nothing in the finding to indicate that the delay prejudiced the defendant. We cannot say as a matter of law that the court was compelled on the facts to conclude that the plaintiff had lost her rights against the defendant by laches. It did not draw such a conclusion, and by that we are bound.

There is no error.

In this opinion the other judges concurred.