## Yale University School of Medicine *v.* Esther Collier et al.

## Yale-New Haven Hospital *v.* Esther Collier et al. (13152)

Shea, Callahan, Glass, Covello and Hull, Js.

Argued November 13, 1987—decision released January 19, 1988

*Lloyd S. Lowinger,* with whom, on the brief, were *Joseph M. Tobin* and *Robert C. Levine,* for the appellants (plaintiffs).

*Joseph Glass,* for the appellee (named defendant).

Glass, J. The principal issue in this appeal is whether abandonment is a defense in a creditor's lawsuit against

a spouse for a hospital debt incurred by the other spouse after the couple had separated. Actions were brought by both Yale-New Haven Hospital and Yale University School of Medicine/Office of Professional Services, seeking payment pursuant to General Statutes § 46b-37,[1] from the named defendant Esther Collier,[2] for medical services rendered to Lester Collier, her deceased husband. The named defendant filed special defenses alleging that she is not responsible for her deceased husband's medical expenses, because at the time that the services were rendered, her husband had abandoned her and the parties were living apart. The cases were consolidated for trial before a jury, which rendered verdicts for the named defendant. After a denial of the plaintiffs' motions to set aside the verdicts, judgments were rendered thereon, and the plaintiffs appealed.

---

[1] "[General Statutes] Sec. 46b-37. (Formerly Sec. 46-10). JOINT DUTY OF SPOUSES TO SUPPORT FAMILY. LIABILITY FOR PURCHASES AND CERTAIN EXPENSES. (a) All purchase[s] made by either a husband or wife in his or her own name shall be presumed in the absence of notice to the contrary, to be made by him or her as an individual and he or she shall be liable for the purchase.

"(b) Notwithstanding the provisions of subsection (a) of this section, it shall be the joint duty of each spouse to support his or her family, and both shall be liable for: (1) The reasonable and necessary services of a physician or dentist; (2) hospital expenses rendered the husband or wife or minor child while residing in the family of its parents; (3) the rental of any dwelling unit actually occupied by the husband and wife as a residence and reasonably necessary to them for that purpose; and (4) any article purchased by either which has in fact gone to the support of the family, or for the joint benefit of both; (5) the reasonable apparel of the wife; and (6) her reasonable support while abandoned by her husband.

"(c) No action may be maintained against either spouse under the provisions of this section, either during or after any period of separation from the other spouse, for any liability incurred by the other spouse during the separation, if, during the separation the spouse who is liable for support of the other spouse has provided the other spouse with reasonable support."

[2] Geraldine Collier and Lester Collier, Jr., were also named as defendants in this action because of their interest in certain real property that the plaintiffs sought to attach.

Thereafter, this court transferred the appeal to itself pursuant to Practice Book § 4023. We find no error.

The jury could reasonably have found the following facts: The named defendant, Esther Collier, married the decedent on October 14, 1962. The couple had five children. In early 1979, the decedent left the named defendant to take up a relationship with another woman. It is undisputed that the decedent left the named defendant and their children without just cause and never returned to his family or resumed marital relations. During the time that the decedent lived away from his family, his children lived with the named defendant and were supported by her, with an occasional contribution from him.

On July 19, 1981, a motor vehicle operated by the decedent struck a pole. His girlfriend, a passenger in the motor vehicle, was killed instantly and he received serious injuries. He was taken to Yale-New Haven Hospital where he was treated for fifty-two days before his death on September 9, 1981. The total bill claimed by Yale-New Haven Hospital for services rendered to the decedent was $80,159.78. A payment of $20,000 was made by an insurance company, leaving a balance of $60,159.78. The amount claimed by the Yale University School of Medicine for services rendered is $4721.75.

I

The plaintiffs' principal claim is that the trial court erred in instructing the jury that abandonment was a special defense to an action brought pursuant to General Statutes § 46b-37. We disagree. At common law, the primary duty of spousal support was on the husband. *Zybura* v. *Zybura,* 142 Conn. 553, 115 A.2d 452 (1955); *Marino* v. *Marino,* 136 Conn. 617, 73 A.2d 339 (1950); *Hein* v. *Hein,* 127 Conn. 503, 18 A.2d 374 (1941); *Smith* v. *Smith,* 114 Conn. 575, 159 A. 489 (1932). In

return, the husband was entitled to his wife's cohabitation, services, society and affection. *Kurzatkowski* v. *Kurzatkowski,* 142 Conn. 680, 683, 116 A.2d 906 (1955); *Martin* v. *Martin,* 134 Conn. 354, 357, 57 A.2d 622 (1948). An enhancement of the wife's legal status had been brought about by the enactment of the Married Women's Act in 1877. See Public Acts 1877, c. 114 (now General Statutes § 46b-36). This legislation enabled a married woman to control her own property and to sue and be sued in the same manner as her husband.

General Statutes § 46b-37 (a) provides that "[a]ll purchase[s] made by either a husband or wife in his or her own name shall be presumed in the absence of notice to the contrary, to be made by him or her as an individual and he or she shall be liable for the purchase." This section of the statute lends recognition to the ability of each spouse to acquire property individually and to be liable individually for its purchase in the absence of notice to the contrary.

Section 46b-37 (b) provides in pertinent part: "Notwithstanding the provisions of subsection (a) of this section, it shall be the joint duty of each spouse to support his or her family, and both shall be liable for . . . (2) hospital expenses rendered the husband or wife or minor child while residing in the family of its parents." The plaintiffs claim that the plain meaning of this section is that each spouse is liable for the hospital expenses incurred by the other during the marriage, and that § 46b-37 (b) (2) makes no exception for a spouse who had been abandoned, although § 46b-37 (b) (6) does specifically refer to the duty of a husband to provide reasonable support to his wife whom he had abandoned. The plaintiffs further contend that the only exception to the named defendant's liability under § 46b-37 (b) is set forth in § 46b-37 (c) which provides: "No action may be maintained against either spouse under the provisions of this section, either during or

after any period of separation from the other spouse, for any liability incurred by the other spouse during separation, if, during the separation the spouse who is liable for support of the other spouse has provided the other spouse with reasonable support." The plaintiffs assert that § 46b-37 (c) was added to protect a spouse from the potential double liability for support. See *Baledes* v. *Greenbaum,* 112 Conn. 64, 151 A. 333 (1930); *Howland Dry Goods Co.* v. *Welch,* 94 Conn. 265, 267, 108 A. 510 (1919). According to the plaintiffs, "[c]learly, the legislature intended this to be the only exception to the general rule of liability. Not every 'separation' exculpates a spouse; only a separation during which reasonable support was paid to the other spouse."

The evolutionary changes in married women's rights that enabled them to acquire and dispose of property also generated changes in the obligations of each spouse to the marriage. In the evolutionary process the primary obligation of the husband to provide support for his wife and children under the common law evolved into a joint duty of each spouse to support the family. Section 46b-37 (b) provides the basic statutory predicate for this change. Article fifth of the Connecticut constitution, amending § 20 of article first of the Connecticut constitution,[3] however, provides the constitutional underpinnings for contemporary departure from the primary duty of one spouse to the joint duty of each spouse to support his or her family. It must also be recognized that even when the husband had the primary duty to support his wife, his duty was not abso-

---

[3] Article fifth of the Connecticut constitution provides in part: "(Equal protection. No segregation or discrimination).

"Section 20 of article first of the constitution is amended to read as follows:

"No person shall be denied the equal protection of the law nor be subjected to segregation or discrimination in the exercise or enjoyment of his or her civil or political rights because of religion, race, color, ancestry, national origin or sex."

lute and unyielding. We have said: "If [the wife] is living apart from [the husband] without justification, this obligation is suspended." *Cantiello* v. *Cantiello,* 136 Conn. 685, 689, 74 A.2d 199 (1950); *Litvaitis* v. *Litvaitis,* 162 Conn. 540, 547, 295 A.2d 519 (1972); accord *Boushay* v. *Boushay,* 129 Conn. 347, 27 A.2d 800 (1942) (where wife, without justification, refused to live and cohabitate with her husband or otherwise perform the duties of the marriage, the court held that such conduct suspended any obligation on the husband's part to support the wife); see *Alexander* v. *Alexander,* 107 Conn. 101, 108, 139 A. 685 (1927). In a related area, in an action by the state against a defendant seeking to compel him to support his wife, abandonment without cause was held to be a defense even though the statute did not provide for it. *State* v. *Jordan,* 142 Conn. 375, 114 A.2d 694 (1955). Conversely, a husband is obligated to support his wife if she is living apart from him with just cause. *Trenchard* v. *Trenchard,* 141 Conn. 627, 109 A.2d 250 (1954); *Churchward* v. *Churchward,* 132 Conn. 72, 42 A.2d 659 (1945).

Prior to the evolutionary changes in our common law wrought by the Married Women's Act of 1877, and its statutory progeny, the plaintiffs would not have been able to maintain these actions. In seeking to hold the named defendant liable under § 46b-37 (b) (2) where at common law no liability existed, "the plaintiff ignores the basic principle that when a statute is in derogation of common law or creates a liability where formerly none existed, it should receive a strict construction and is not to be extended, modified, repealed or enlarged in its scope by the mechanics of construction. *Stoll* v. *Judd Co.,* 106 Conn. 551, 556, 138 A. 479 [1927]. 'In determining whether or not a statute abrogates or modifies a common law rule the construction must be strict, and the operation of a statute in derogation of the common law is to be limited to matters clearly

brought within its scope. "The court is to go no faster and no further than the legislature has gone." . . . A legislative intention not expressed in some appropriate manner has no legal existence.' *Willoughby* v. *New Haven,* 123 Conn. 446, 454–55, 197 A. 85 [1937]." *Edmundson* v. *Rivera,* 169 Conn. 630, 633, 363 A.2d 1031 (1975). We have stated further that "[n]o statute is to be construed as altering the common law, farther than its words import. It is not to be construed as making any innovation upon the common law which it does not fairly express." *Dennis* v. *Shaw,* 137 Conn. 450, 452, 78 A.2d 691 (1951), quoting *Shaw* v. *Railroad Co.,* 101 U.S. 557, 565, 25 L. Ed. 892 (1879).

Under § 46b-37 (b) it is the "joint duty" of each spouse to support the family and both shall be liable for hospital expenses rendered the husband or wife. Under the common law rule, however, when one spouse is in default of his or her marital duties, the obligations of the other spouse are considered suspended. See *Kurzatkowski* v. *Kurzatkowski,* supra, 683; *Cantiello* v. *Cantiello,* supra, 689; *Martin* v. *Martin,* supra, 357. There is no claim that the decedent provided his wife and children with "reasonable support" after he left them. Indeed, the decedent only occasionally contributed to the support of his children. Also, since the unchallenged evidence indicates that the decedent left the named defendant without just cause, there has been no claim that the named defendant was obliged to provide the decedent with "reasonable support" during the time that the couple were separated. It follows that since the decedent left the named defendant without just cause, the obligations of the named defendant imposed by § 46b-37 (b) were suspended. Because § 46b-37 (b) is in derogation of the common law and creates liability where formerly none existed it should be strictly construed and not enlarged in its scope by the mechanics of construction. *Edmundson* v. *Rivera,*

supra. Accordingly, this appeal is governed by the fact that the decedent's abandonment of the named defendant would have suspended her marital obligations toward him at common law. *Kurzatkowski* v. *Kurzatkowski,* supra; *Cantiello* v. *Cantiello,* supra; *Martin* v. *Martin,* supra. We discern no indication that the legislature by enacting § 46b-37 (b), which is in derogation of the common law, intended to eliminate abandonment as a defense. *Edmundson* v. *Rivera,* supra. The instructions properly placed the burden of proof of abandonment without cause on the named defendant. Considering the plain, common sense construction of § 46b-37, the common law and our law in related areas, we conclude that on the basis of the evidence in this case the defense of abandonment was properly submitted to the jury.

The plaintiffs also assert that if abandonment is allowed as a defense to defeat a creditor's claim against a spouse, the purpose of § 46b-37 (b) to protect creditors will be impermissibly thwarted. Had the plaintiffs presented evidence that the medical service rendered to the decedent was in reliance upon the named defendant's representations that she would pay his medical bills, perhaps this argument would be more persuasive. Here, the plaintiffs are seeking to recover for the medical services rendered to the decedent after he had been separated from the named defendant for approximately two years. Whether the separation of the parties is for cause attributed to either spouse is a question of fact to be determined by the trier on the basis of the evidence. We are not persuaded that creditors' claims against married persons will be impermissibly thwarted by allowing a jury to determine whether the decedent's separation from the defendant constituted abandonment where the evidence of such abandonment is as clear as it was in this case.

Next, the plaintiffs argue that if abandonment is allowed as a special defense, the question of fault in causing the separation will be improperly injected into the creditor's claim against a married person. The plaintiffs concede that if these actions were instituted for the purpose of recovering for support provided to the decedent, the named defendant would be permitted to invoke the exculpatory provisions of § 46b-37. We find no evidence in the record to warrant a conclusion that the consideration of fault with the defense of abandonment in connection with a claim under § 46b-37 (b) (2) is any more improper or burdensome to third party creditors than when fault is considered in connection with any other exculpatory defense under § 46b-37. This claim is without merit.

The plaintiffs also claim that reading a defense of abandonment into § 46b-37 violates public policy. The plaintiffs claim that the policy considerations include creditor protection, the preference for no-fault divorces and the preference for formal legal steps to clearly determine marital status. We are unpersuaded that any of these considerations compel us to disregard the common sense interpretation of § 46b-37 or the common law defense of abandonment.

## II

We have considered the plaintiffs' remaining arguments that the trial court erred in failing to instruct the jury that fault must be determined if the common law defense of abandonment is viable, and failing to instruct the jury that medical expenses are presumed to be reasonable. We note that the plaintiffs took no exception to the charge on the ground that the court had failed to discuss fault as an element of the abandonment defense. "Because the [plaintiffs] took no exception on the point, this claim was 'not distinctly raised at trial'; *State* v. *Rogers,* 199 Conn. 453, 461,

508 A.2d 11 (1986); and we are relieved of any obligation to consider it further. Practice Book § 4185; *Atlantic Richfield Co.* v. *Canaan Oil Co.,* [202 Conn. 234, 241, 520 A.2d 1008 (1987)]; *Kosko* v. *Kohler,* 176 Conn. 383, 389, 407 A.2d 1009 (1978)." *Holbrook* v. *Casazza,* 204 Conn. 336, 354, 528 A.2d 774 (1987). Since the verdicts were for the named defendant the claim concerning the failure to instruct the jury that the medical expenses were presumed to be reasonable need not be discussed because any error regarding the amount of damages would be harmless.

There is no error.

In this opinion the other justices concurred.