[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION FOR BILL OF COSTS
On January 28, 1992, the defendant, Hartford Hospital, filed an Offer of Judgment in the amount of $60,000.00. Following a trial by jury, the plaintiff was awarded a verdict in the amount of $60,117.88. On March 20, 1992, the court, Allen, J., granted a motion to correct seeking, pursuant to General Statutes 52-225a, to reduce the judgment by $6,648.40 the stipulated amount of collateral source payments received by the plaintiffs, reducing the judgment to the amount of $53,469.48.
On April 15, 1992 the defendant hospital moved for a bill of costs pursuant to General Statutes 52-193 et seq. and Practice Book 344. The plaintiff has objected to the bill of costs on the ground that the offer of judgment, which contained the language "on the condition that the plaintiff files a withdrawal of action against the remaining defendants. . . ." was not valid because it was not unconditional.
No authority has been drawn to our attention dealing with the validity of an offer of judgment containing conditional terms. General Statutes 52-193, which governs offers of judgment, states that "[i]n any action on contract, or for the recovery of money only. . .the defendant may. . .file a written notice. . .offering to allow the plaintiff to take judgment for the sum named in such notice." Ordinarily, a statute like this one, which is in derogation of common law, must be narrowly construed. See Yale University School of Medicine v. Collier, 206 Conn. 31, 36-37, 536 A.2d 588
(1988). This statute on its face allows for offers of judgment only "for the sum named" (emphasis added), and does not expressly permit the imposition of conditions or other additional terms. See also Practice Book 342. We do not believe that the Legislature intended this court to face the difficulties in assessing costs under General Statutes52-195, which would be encountered when the offer of judgment contains additional terms since the court might have CT Page 7553 to interpret the meaning of those terms in order to determine if the judgment was greater or less than the offer. We conclude that no recovery of costs may be had under General Statutes 52-195(b) based on an offer of judgment containing conditions or terms other than an offer of money.
Motion for Bill of Costs denied.
Wagner, J.