[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Jack Hauser, a medical doctor, here seeks to recover compensation for medical treatment rendered the defendant Louis Ursini. Hauser also seeks compensation from Joan Ursini, Louis Ursini's wife.
The Ursinis dispute Hauser's charges, claiming the plaintiff's treatments were not reasonable. They also claim Louis Ursini's later treatments were caused by the plaintiff's CT Page 5123-AAAAA faulty treatment.
 I.
The court finds for the plaintiff as to Louis Ursini. The treatment the plaintiff rendered here was reasonable, and the amounts charged were reasonable. Accordingly, judgment may enter for the plaintiff to recover from Louis Ursini the sum of $42,295.00. The court will not, however, award prejudgment interest in its discretion. See Nor'easter Group, Inc. v.Colossale Concrete, Inc., 207 Conn. 468, 482.
 II.
As to the defendant, Joan Ursini, the plaintiff has proven he treated Louis Ursini when Louis was married to Joan, and a member of the family, and that the treatments were reasonable and necessary. Under Section 46b-37(b)(1) of the General Statutes, each spouse is jointly liable for reasonable and necessary services of a physician for a family member. The amendment of Section 46b-37, subsection (e) makes clear that division (1) of 46b-37(b) applies to "expenses incurred by and for the benefit of each spouse." Although Yale UniversitySchool of Medicine v. Collier, 206 Conn. 31 (1988) concerned subdivision (2) of Section 46b-37(b), the legislature in amending Section 46-37(e) applied the abandonment defense not only to subdivision (2) but to "subdivision (1) to (4), inclusive" as to spouses.
Accordingly, judgment may enter in favor of the plaintiff as to Joan Ursini in the amount of $42,295.00.
/s/ McDonald, J. McDONALD