[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Memorandum Filed September 30, 1996
The plaintiff Medstar, Inc. brings this action against the defendant Louis DiCarlo and his wife Lillian DiCarlo seeking judgment for $18,528.97 for ambulance services rendered to Louis DiCarlo. The sole alleged basis of the liability of Mrs. DiCarlo for the services rendered to her husband is General Statutes § 46b-37. Mrs. DiCarlo has moved to strike the complaint with respect to the claim against her on the basis that § 46b-37
does not impose liability on one spouse for ambulance services rendered to the second spouse.
Section 46b-37 reads as follows in pertinent part:
 (a) Any purchase made by either a husband or wife in his or her own name shall be presumed, . . . to be made by him or her as an individual and he or she shall be liable for the purchase.
 (b) Notwithstanding the provisions of subsection (a) of this section, it shall be the joint duty of each spouse to support his or her family, and both shall be liable for: (1) The reasonable and necessary services of a physician or dentist; (2) hospital expenses rendered the husband or wife . . . , (3) the rental of any dwelling unit . . . , and (4) any article purchased by either which has in fact gone to the support of the family, or for the joint benefit of both.
Mrs. DiCarlo argues that ambulance services are not the services of a physician or dentist nor are they hospital expenses or rental expenses or an "article" purchased for "the support of the family, or for the joint benefit of both." Therefore, she contends, she is not liable under § 46b-37 for the services rendered by the plaintiff to her husband. CT Page 5590
The plaintiff argues that the statute should be broadly construed as including all "reasonable and necessary" medical expenses. The plaintiff concedes, however, that it cannot cite any cases in support of that view.
In fact, our Supreme Court has recently ruled to the contrary, i.e., that General Statutes § 46b-37 should be strictly construed. In Yale University School of Medicine v.Collier, 206 Conn. 31 (1988), the Supreme Court ruled that "[b]ecause 46b-37 is in derogation of the common law and creates liability where formerly none existed it should be strictly construed and not enlarged in its scope by the mechanics of construction." Id., 37.
Construed as written, § 46b-37 imposes liability for only two types of medical expenses: the services of a physician or dentist and hospital expenses. Ambulance services are not addressed by the statute and the plaintiff's complaint as to Mrs. DiCarlo is therefore legally insufficient.
The plaintiff in its memorandum in opposition to the motion to strike cites several cases, some of which are quite old, which it contends establish spousal liability in analogous situations. A review of those cases reveals, however, that each is distinguishable from the present facts, most because the case is based on a statute other than § 46b-37. The plaintiff's claim against Mrs. DiCarlo in its complaint is based solely on § 46b-37, which is unavailing. The motion to strike is therefore granted.
VERTEFEUILLE, J.