[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: PLAINTIFF'S MOTION FOR CONTEMPT
This case is before the court on plaintiff's Motion for Contempt seeking interest and attorney's fees due to the tardiness of defendant's payments as required by the dissolution decree. On July 10, 1992 this court entered a judgment of dissolution under the terms of which defendant was ordered to pay to the plaintiff the sum of $270,000.00, as a property settlement, payable as follows: $50,000 at the time of dissolution, $34,668.00 payable at the rate of $2889.00 per month commencing August 1, 1992 and continuing through July 1993. The balance of $185,335.00 paid at the rate of $3088.87 per month for sixty months commencing August 1, 1993 and continuing until paid in full.
The separation agreement of the parties incorporated in the the court decree provided that "if any payment is not received within seven (7) days of the due date, the husband shall pay interest on said payment at the rate of TEN PERCENT (10%) per annum and any costs of collection, including attorneys fees.
Both parties have provided the court with accounting of payments made, when postmarked and when received. From July 1992 through December 1996, defendant made 48 payments totaling $149,244.80. During this period the defendant did not miss a CT Page 3513 month, although the November 1996 payment was made on December 11, 1996 and the December 1996 payment was not made until January 8, 1997. The plaintiff claims and the defendant acknowledges that a number of payments were from 1 to 31 days late as evidenced by the dates of receipt of said payments. The court has considered that these payments were part of a property settlement and were designed to compensate the plaintiff for her stock in the family business. In addition the separation agreement provided that after the sale of the marital residence the defendant would pay $2,000.00 per month as alimony until July 31, 2002. As additional alimony the defendant paid and the plaintiff received $10,000 payable in four equal installments of $2500 through October of 1992.
The defendant has testified that he mailed his payments each month when his business enabled him to do so, that is when he had the money. This has resulted in delays occasionally of several days beyond the 8th day of each month. Nevertheless, this court cannot find the requisite intent to justify holding the defendant in contempt, not after seeing the large sum of money and the regularity of the defendant's payments during the past five years. Nevertheless the dissolution decree unequivocally calls for interest on any payment not received within 7 days of the due date, that is, by the eighth of each month. Therefore the defendant owes interest for the months of October 1992 (7 days); November 1992 (6 days); July 1993 (3 days); August 1993 (4 days); September 1993 (4 days); October 1993 (6 days); November 1993 (4 days); December 1993 (4 days); January 1994 (4 days); February 1994 (9 days); March 1994 (4 days); May 1994 (4 days); June (5 days); July 1994 (5 days) August 1994 (3 days); October 1994 (1 day); November 1994 (2 days); January 1995 (4 days) February 1995 (2 days); March 1995 (4 days); April 1995 (1 day); May 1995 (3 days); June 1995 (7 days); July 1995 (4 days); September 1995 (5 days); October 1995 (4 days); December 1995 (5 days); January 1996 (5 days); February 1996 (9 days); March 1996 (2 days); April 1996 (9 days); May 1996 (3 days); June 1996 (7 days); July 1996 (6 days); August 1996 (3 days); September 1996 (3 days); October 1996 (9 days); November 1996 (35 days); December 1996 (31 days).
In calculating the interest due, the monthly payments in question were $2,889.00 through and including the July 1993 payment and $3088.87 commencing August 1993 through December 1996. Employing a per diem amount of $.79 for the $2889.00 payments and $.85 for the $3088.87 payments, the court finds that the defendant owes interest in the amount of $207.25 through and CT Page 3514 including the December 1996 payment. The court is aware that counsel for plaintiff has claimed interest of $9.50 per diem and $10.16 per diem respectively. The court, however, believes that an interest rate of $10% per year would indicate yearly interest of $288.90 and $308.89 respectively. These amounts were then divided by 365 in order to obtain the daily interest, amount of $.79 and $.85 per day.
Although defendant in his brief uses the postmark date of each payment to determine the number of days late, the court has used the receipt date supplied by the plaintiff as called for by the separation agreement.
The defendant has claimed the equitable defenses of waiver, laches and equitable estoppel based upon telephone conversations with the plaintiff in which the plaintiff raised no objection to the lateness of particular payments or raised the issue of interest. In addition defendant claims that the plaintiff receiving late payments for four years without instituting a claim for interest "induced (defendant) to believe that his former wife was not claiming interest on overdue payments." The burden of proof is on the defendant husband with respect to his equitable defenses.
Addressing the defense of waiver first, our Supreme Court has defined waiver as "the intentional relinquishment of a known right". (Citation omitted) Novella v. Hartford Accident andIndemnity, Co., 163 Conn. 552, 561 (1972). Waiver requires both that there be knowledge of the right and the intention to relinquish it. Id., 562. Waiver does not have to be expressed, as it can consist of acts or conduct from which waiver may be implied. Leda v. H. K. Sargeant and Associates, Inc.,188 Conn. 69, 76 (1982).
In the present case there is no evidence that the plaintiff "intentionally relinquished her known right to collect interest. On the contrary the file reflects that two contempt motions dated December 6, 1993 and July 13, 1994, both prior to the instant one, were filed by the plaintiff and contained claims for interest of 10% per annum on late payments from the defendant. This conduct is inconsistent with an intentional relinquishment of a known right. Therefore the court concludes that the defendant has failed to sustain his burden of proof with respect to his waiver defense. CT Page 3515
With respect to the defense of laches, it has been held that "laches consists of an inexcusable delay which prejudices the defendant." (Citation omitted) Federal Deposit Co. v. Voll,
38 App. 198 210 (1995). "Laches consists of two elements. First there must have been a delay that was inexcusable, and, second, that delay must have prejudiced the defendant." Kurzatkowski v.Kurzatkowski, 142 Conn. 680, 684-685 (1955) The mere lapse of time does not constitute laches. Emerick v. Emerick, 28 Conn. App. 794,804 (1992); unless it results in prejudice to the defendant. Here there is no evidence that the defendant changed his position or was prejudiced by the claimed delay in seeking payment of the interest. In fact the defendant's testimony was that he could not have made the monthly payments until he was financially able to do so. This was in the face of two prior contempt motions seeking interest which were not brought to hearing for reasons unknown to the court. The defendant's claim that he would have paid on time each month and thereby avoided any interest liability is contrary to his testimony that he made the payments when he was able to do so. Therefore, the defendant could not have been prejudiced by any delay of the plaintiff in seeking interest, and the defense of laches has not been proven.
The defense of equitable estoppel requires that "one party must do or say something which is intended or calculated to induce another to believe in the existence of certain facts and to act on that belief, and that the other party, influenced thereby must change his position or do some act to his injury which he otherwise would not have done." Dickau v. Glastonbury,156 Conn. 437, 441 (1968); Bozzi v. Bozzi 177 Conn. 232, 242
(1979). Since the defendant's testimony was that the timing of his payments was dictated by his financial condition at the beginning of each month, this court finds that there was no change of position resulting from anything the plaintiff did or said. Therefore the defense of equitable estoppel is not available to the defendant.
Finally, counsel for the plaintiff has supplied the court with an affidavit requesting an attorney's fee. The court is satisfied that the separation decree calls for "any costs of collection, including attorney's fees." Therefore, the court awards plaintiff's counsel an attorney's fee of $1500.00. The court denies the request of $269.00 for travel expenses of the plaintiff. The court awards $34.20 in costs pursuant to the affidavit of plaintiff's counsel CT Page 3516
DAVID SKOLNICK, JUDGE