[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Memorandum Filed May 19, 1997
Plaintiff brings this action under Connecticut General Statute § 46b-37 (b)(2). Defendant defends under § 46b-37(d).
FACTS
Linda Lawson (Linda) was treated in John Dempsey Hospital from April 25, 1995 through May 18, 1995 when she died. The defendant is her widower and was at all relevant times her husband.
The total hospital bill for her care was $51,301.82. She paid $10,000 on that bill from her account in the East Hartford Federal Credit Union on May 10, 1995. Defendant has paid nothing on that bill. There remains due $41,301.82.
The defendant lived apart from Linda from July 1994 until her death. During that period he lived on Blue Hills Avenue. She lived at 24 Arnold Drive until her hospitalization.
The Arnold Drive property was in both names and on July 13, 1994 both signed a note and gave a mortgage on that property. At that time defendant lived at 24 Arnold Drive. From August 1, 1994 through May 16, 1995 defendant paid the telephone, electric, the bills of two of her doctors and her credit card bills. From October 30, 1994 through April 25, 1995 he paid the mortgage payments due on 24 Arnold Drive. Many of those bills were paid from a joint checking account of defendant and Linda. All the checks were signed by defendant except a payment of $200 to Dr. CT Page 4833 Chowdhary that was signed by Linda. All of the payments for the mortgage came from the account of Blue Hills Apartments d/b/a LL Management and were all signed by defendant. In addition, one check for $200.00 was to Linda. The court does not know the position of either Louis or Linda with that entity or why it made those mortgage payments and the payment to Linda.
According to the defendant the separation was "temporary" because there was just a difference of opinion about her health. He never notified the post office of any change of address but always sorted the mail at the house on Arnold Drive and took only "his". The bank statements all went to Arnold Drive.
LAW
The relevant parts of the statute read as follows:
 Sec. 46b-37. Joint duty of spouses to support family. Liability for purchases and certain expenses. Abandonment.
(a) Any purchase made by either a husband or wife in his or her own name shall be presumed, in the absence of notice to the contrary, to be made by him or her as an individual and he or she shall be liable for the purchase.
 (b) Notwithstanding the provisions of subsection (a) of this section, it shall be the joint duty of each spouse to support his or her family, and both shall be liable for: (1) The reasonable and necessary services of a physician or dentist; (2) hospital expenses rendered the husband or wife or minor child while residing in the family of its parents; (3) the rental of any dwelling unit actually occupied by the husband and wife as a residence and reasonably necessary to them for that purpose; and (4) any article purchased by either which has in fact gone to the support of the family, or for the joint benefit of both.
 (d) No action may be maintained against either spouse under the provisions of this section, either during or after any period of separation from the other spouse, for any liability incurred by the other spouse during the separation, if, during the separation the spouse who is liable for support of the other spouse has provided the other spouse with reasonable support.
Subsection (c) deals with abandonment and is not here relevant.
Under subsection (b) there is no question that defendant, as CT Page 4834 a spouse, had a duty to provide and pay for "reasonable and necessary services of a physicians' and "hospital expenses". There is no question such services were performed and were necessary. They are clearly reasonable.
It is the defense under subsection (d) with which we are concerned. Under that subsection defendant may not be sued "if, during the separation the spouse who is liable for support of the other spouse has provided the other spouse with reasonable support."
I. SEPARATION
Husbands and wives are separated frequently; for the day when they go to work for days or months when one spouse is on a business trip, incarcerated or hospitalized, and soldiers and sailors are often away from home for extended periods. Thus "separation" requires an explanation as to duration, cause, and intent. Here the duration is at the most one and one-half years. The cause was a dispute about the condition of Linda's health. There is no evidence he was "ever justified in living apart from" Linda. Under such circumstances the liability for her support remained unchanged. Cantiello v. Cantiello, 136 Conn. 685,688-689. The intent was that the separation be temporary. Not only did the defendant testify to that but he never changed his post office address or his address for bank statements.
II. STATUTORY REASONABLE SUPPORT
Whether services are reasonable must be taken in the context of the needs of the spouse being carried for including geographical location; type of living quarters inhabitated; her physical needs her present dietary needs and to a limited extent her necessary social requirements. This court finds that until her hospitalization all of those things were provided to her somehow.
Upon her hospitalization defendant provided no food, no hospital or medical services. He was required to provide such.
Judgment for plaintiff for $41,301.82.
O'Neill, J. CT Page 4835