[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE CONTEMPT
The plaintiff was divorced from the defendant on June 1, 1988. The defendant was ordered to pay $100.00 per week for the support of the parties' minor child, Melissa Genovese, who was born June 21, 1985. The court issued a wage garnishment to that effect on November 7, 1988.
There followed a series of motions for contempt alleging non-payment. The court found the defendant in contempt of December 22, 1988. Other motions were not pursued. On March 16, 1992, the parties entered into an agreement which was adopted and ordered by the court. In accepting the agreement the court found that there was an arrearage of $1,250.00 and ordered that child support would be modified from $100.00 per week to $50.00 per week, that the defendant would notify the plaintiff upon obtaining employment, and that any modification in the future would be retroactive to the date employment began. On the date of that agreement, the defendant claimed that his weekly income was only $166.00 received from unemployment benefits. The amount set was a deviation from the child support guidelines based upon the fact that the defendant had liquid assets and anticipated re-employment by May 1, 1992.
On February 23, 2003, nearly eleven years after the court's last order, the plaintiff moved to have the defendant held in contempt for his failure to pay child support and arrearages and for his failure to notify the plaintiff of the fact that he had found a job. The plaintiff also moved to modify child support, retroactive to the date on which the defendant began employment in accordance with the 1992 order. The defendant has paid an average of $61.00 per week by irregularly sending payments for $150.00.
The defendant contends that the plaintiff always knew that he was working, and that she should be estopped from seeking retroactive modification by the doctrines of laches and equitable estoppel. He testified that if he had known his former wife would bring him back to court for a retroactive modification of support after ten years, he CT Page 4413 wouldn't have remarried, wouldn't have built his new house, wouldn't have bought his late brother's business, and would probably have moved out of state.
The plaintiff contends that she did not pursue him earlier because he threatened to have his employer/brother put him on the books at a lower amount to reduce his support obligation and told her to take what he gave her and keep her mouth shut.
There are two elements of estoppel. First, the party against whom it is claimed must do or say something to induce another to believe certain facts and to act on those facts. Secondly, the other party must actually change his position in reliance thereon and do something he would not otherwise have done. Breen v. Aetna Casualty Surety Co.,153 Conn. 633, 643 (1966). "The office of an equitable estoppel is to show what equity and good conscience require, under the particular circumstances of the case, irrespective of what might otherwise be the legal rights of the parties." W. v. W., 256 Conn. 657, 661 (2001). Laches is similar. To establish laches, the party seeking its protection must establish an inexcusable delay in the enforcement of a right and that the delay must have prejudiced the defendant. Kurzatkowski v. Kurzatkowski,142 Conn. 680, 684-85 (1955). The lapse of time is immaterial if no prejudice resulted Id. 685.
The court finds that the defendant did not change his position in reliance on the plaintiff's delay in asserting her rights. It is not believable that he would have given up a new marriage, a business opportunity, a house of which he is very fond, and the state where the daughter he loves resides to avoid paying child support which, by his calculation, would not have increased the amount of the original order by more than a few dollars a week. Moreover, the defendant was not prejudiced. Even if he had fled the state, he would still have had a child support obligation unless, to avoid it, he failed or refused to work at all or went underground. Finally, even if the defendant had proven a change in position or prejudice, he could not prevail on these equitable defenses in light of his own inequitable conduct. The plaintiff testified that she was frightened by the defendant's conduct from pursuing him. The court finds her to be credible and finds that the defendant's intimidating conduct deterred the plaintiff from seeking an adjustment in child support. The court has seldom — if ever — encountered a more contentious, argumentative, or confrontational witness than the defendant. It is no great leap to infer his behavior toward the plaintiff in private in light of his behavior in court.
Although child support cannot generally be modified retroactively, the CT Page 4414 parties' stipulation provides for retroactivity until the date of the defendant's re-employment. Once a stipulation is made an order of the court, the court is not free to modify its terms. Accordingly, the orders will be retroactive to the date on which the defendant was re-employed.
There is evidence that the defendant's income over the years has exceeded the amount he claims. Since mid-1996 he has been the sole owner of a company that grosses approximately $1,200,000.00 per year, with expenses of only around $900,000.00. There is also evidence that he represented household income of $4,858.00 per month to a bank in connection with a mortgage loan at a time when his wife's earnings were minimal. Unfortunately, the evidence is insufficient to establish what those very large earnings actually were. However, there is sufficient evidence to establish that the defendant earned $300.00 per week net from March 13, 1993 to June 30, 1996 and that he earned $727.00 gross, $497.00 net from July 1, 1996 through the date of trial. The parties are ordered to appear in court to present child support guidelines calculations as to the amount of child support due, using those net figures for the defendant, from May 1, 1993 to the date of this decision. The arrearage will be calculated on the difference between those amounts and the amounts the defendant actually paid.
Child support is set at $107.00 per week commencing March 24, 2003, payable weekly in advance. The payments on the arrearage will be determined once it has been established what the arrearage is. The defendant is ordered to pay the wife $2,808.50 in attorneys fees and $287.57 in attorney expenses within ten days, and the wife is ordered to compute her attorneys fees for the date of trial, January 28, 2003. That amount, if found to be reasonable, will also be paid by the defendant within ten days of its submission, but if the defendant wishes a hearing on the reasonableness of those fees, then within ten days of the court's ruling at that hearing.
The parties will appear in court on April 10, 2003 to complete the tasks set forth in this decision.
Orders will enter accordingly.
 BY THE COURT, GRUENDEL, J.
CT Page 4415