[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON AMENDED RULE TO SHOW CAUSE
These parties were divorced in 1973 and the defendant soon fell behind in his alimony and support payments, resulting in five contempt proceedings between 1973 and 1979. The sixth contempt action in October of 1983 set in motion an unbelievable chain of events which culminated in the seventh contempt action addressed by this memorandum.
When the defendant appeared in court in October of 1983, an arrearage of $18,840.00 was found and he was ordered to return on November 14, 1983 with that sum or face incarceration. The defendant apparently took to heart the court's admonition and attempted to obtain the $18,840.00 by robbing a bank in New York state. When that attempt failed dismally, he was arrested and was eventually convicted of robbery. He received a prison sentence from which he was paroled in 1985. He returned to Connecticut in, 1987.
The defendant has interposed the defenses of laches, equitable estoppel, and waiver in his brief which was ordered by the court after a lengthy hearing.
The plaintiff seeks accumulated arrearages of $31,920.00. CT Page 7055
It should be noted at the outset that the defendant's defenses can have no effect on the child support arrearage. A child support order can only be modified by the court. Brock v. Cavanaugh, 1 Conn. App. 138, 141 (1984). Nothing has been filed in this court to modify either the alimony or the support orders. A child's right to support, independent of the parent, has been set forth in a long line of cases. Burke v. Burke, 137 Conn. 74,79 (1950). The defendant's reliance on a decision of this court is misplaced, that case having involved a vastly different set of facts.
Intertwined through all three defenses of the defendant is the argument that the plaintiff should not prevail because she advised the defendant on two occasions, once in 1987 and once in 1990, that "she would not pursue her claim for alimony and support owed to her." The plaintiff denies such conversations. Thus, the defendant asks the court to relieve him of these substantial arrearages on the strength of two phone conversations, one totally unsupported by other evidence and one confirmed by his present living companion.
The court is not inclined to accept this testimony and finds the surrounding circumstances render this version of the events suspect. For example, having allegedly received the plaintiff's assurance that she would not pursue her claim in 1987, the defendant called her again in 1990 to have her repeat her statement. On this occasion, his companion claimed she listened in as they were planning to buy a house and would not do so if he owed these substantial arrearages. Yet, they got nothing in writing from the plaintiff and filed nothing with the court.
Insofar as his defenses of laches and estoppel are concerned, the defendant also lacks an essential element. Both counsel have cited cases which state correctly that the law of laches and estoppel requires that the defendant show he has acted to his detriment in reliance on the acts or words of the plaintiff. The defendant relies on his having agreed to buy a house and co-sign a mortgage to secure the purchase as an action to his detriment. The court can find no case in which such an act was considered as "detrimental" or a "change of position for the worse." Citations omitted.
The court therefore concludes that the defendant has failed to sustain his burden of proof and that the plaintiff did not waive any of her rights nor did her actions constitute laches nor give rise to equitable estoppel.
The defendant has not briefed a defense of inexcusable delay but did refer to it during the hearing. In view of the CT Page 7056 defendant's incarceration and parole period and the plaintiff's testimony that she did not know where he was for periods of time, the court cannot find the delay here to be inexcusable.
The court further concludes that the defendant owes child support in the amount of $13,080.00 and alimony of $15,120.00 as of May 1, 1991. (Arrears shall accrue on this latter figure). The court also awards interest on such arrearages as existed from November 14, 1983 to February 1, 1987, but no interest will be awarded for the period between February 1, 1987 and September 1, 1991. The plaintiff is awarded her court costs of $29.30 and counsel fees of $3,450.
The court will not address the issue of contempt since there are serious questions of the defendant's ability to pay — especially during his incarceration.
Anthony V. DeMayo, Judge