[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This matter comes before the court on plaintiff's CT Page 6476 motion for contempt. She alleges that the defendant owes $12,246.41 as of March 10, 1992 for willful failure to pay child support in accordance with the court order.
The court order, entered on July 27, 1988, provided that child support shall be $1,200.00 per month with regular increasing adjustments in accordance with the military allotment.
It appears undisputed that the defendant paid, as support, the sum of $1,152.79 per month until October 1, 1991.
The plaintiff claims that the court should find the defendant in contempt for his failure to pay support in accordance with the court order. She claims that there were unilateral deductions from the allotment and that these deductions were paid for the benefit of persons other than the plaintiff.
The plaintiff rejects the defenses of the defendant and argues that she never agreed to the reductions made by the defendant.
The defendant claims, as a defense, the doctrine of laches in that her failure to claim an arrearage prejudiced the defendant. He claims he relied upon the representation of the plaintiff and did not file a motion to modify, which modification, if granted, would have reduced his child support.
As a second defense, the defendant claims that the plaintiff should be equitably estopped from claiming an arrearage. The defendant claims he relied upon the representations of the plaintiff and failed to assert his rights, having relied in good faith on said representations.
The court is of the opinion that the doctrines of estoppel and laches are applicable. There are two essential elements to an estoppel: (1) one party must do or say something that is intended or calculated to induce another to believe in the existence of certain facts and to act upon that belief, and (2) the other party, influenced thereby, must actually change his position or do some act to his injury that he otherwise would not have done. On the basis of the facts presented in this matter, this court does not find any act done by the defendant which prejudiced him as a result of the plaintiff's actions. See Brock v. Cavanaugh,1 Conn. App. 138 (1984).
The court concludes that there was an understanding CT Page 6477 that the wife would not seek a greater amount than $1,152.00 per month and relying upon said agreement, the defendant did not seek a modification.
The plaintiff, therefore, is precluded from asserting any rights she may have had up to October 1, 1991.
Thereafter, she is entitled to receive the sum of $582.00 per month from October 1, 1991 to the date of this hearing which amounts to $3,492.00, which amount the court finds as an arrearage. This arrearage shall be paid at the rate of $250.00 per month until it has been paid in full.
There is no finding of contempt.
As to the motion to modify, the court applies the guidelines and finds that child support should be $200.00 per week. This amount shall be effective as of April 1, 1992.
Mihalakos, J.