[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON PLAINTIFF'S MOTION FOR CONTEMPT (NO. 129)
The court heard the plaintiff's motion for contempt dated December 18, 1994 on February 9, 1995, at which time both parties testified, as well as their respective attorneys who represented them when the judgment for dissolution was entered on January 4, 1989 (Thim, J.). At that time, the court ordered the defendant to pay child support of $450 per week for their minor child, Ashley Petronella, born August 5, 1987, who is now seven (7) years old. Both parties were represented by new counsel at this hearing.
The background facts are not in dispute. The parties had entered into a written stipulation of modification dated January 5, 1990, approximately one year after the judgment of dissolution was entered, in which they agreed to reduce child support from $450 to $300 a week (plaintiff's exhibit A). The plaintiff CT Page 2118 testified the defendant told her about nine months after the original order was entered that his salary was being reduced by about one third and he would be unable to continue paying $450 a week. Based on this representation, she agreed to reduce the support from $450 to $300 or about one third.
At that time she was represented by her brother Attorney Donald Cahill, who is not related to Attorney Gary P. Cahill who prepared the stipulation of modification for the defendant. Both attorneys testified at this hearing. The plaintiff's attorney believed he would be receiving the defendant's financial affidavit from the defendant's attorney with the motion for modification to prove that the defendant's salary was reduced by approximately one third. It was undisputed that the defendant's attorney did not send it. Instead, he appeared at the next short calendar in March, 1990 and left the motion for modification and the stipulation signed by both parties with the clerk. He did not wait for the calendar call and assumed the motion and the stipulation would be granted on the papers without argument.
There is no evidence that the court granted or approved this motion for modification and this court so finds. There is no notation on the jacket which indicates that the court granted it. This court finds the stipulation was never submitted to the court for approval.
A child support order can be modified only by the court.Brock v. Cavanagh, 1 Conn. App. 138, 141. The reason for this rule is obvious because the court has the ultimate responsibility to determine and safeguard the best interests of minor children.Masters v. Masters, 201 Conn. 50, 64-65. It is the duty of the court to find the agreement equitable and in the child's best interest, which duty cannot be abrogated by agreement of the parties. Guille v. Guille, 196 Conn. 260, 263-64. Therefore, the stipulation signed by the parties on January 5, 1990, reducing the child support to $300 a week did not effect a modification of the original $450 support order.
The plaintiff claims an arrearage of 260 weeks from January 5, 1990 to February 9, 1995 for a total of $39,000 owed to her. The defendant attorney contends that the plaintiff should be barred in equity from collecting the arrearage because she waited four years to assert her rights, a defense of equitable estoppel. The court is unpersuaded by this argument. Based on the evidence presented, the court finds that the defendant has not changed his CT Page 2119 position or was prejudiced in any way by the plaintiff's nonenforcement of the support order over the past four years. In the absence of prejudice to the defendant, his defense must fail. In Papcun v. Papcun, 181 Conn. 618, the Supreme Court allowed an arrearage of nine years and dismissed the defenses of equitable estoppel and laches.
In this case there was no credible evidence to warrant a conclusion that the defendant changed his position or acted to his detriment by what the plaintiff said or did. In fact, the plaintiff claims that the defendant misrepresented to her that his salary had been reduced by about one third and she relied on this representation in signing the agreement on January 5, 1990.
The court has reviewed the defendant's financial affidavits on file. When the original $450 child support order was entered on January 4, 1989, he listed his gross weekly salary at $1295 with a net of $855. On November 11, 1989, his gross weekly salary was $1370 with a net of $829. All the credible evidence proves that the defendant's salary has increased over the past four years. In 1993 his gross earnings from his W-2 tax forms amounted to $127,447.58 (plaintiff's exhibit A). His financial affidavit filed in February 9, 1995, lists a gross weekly salary of $2,197 with a net of $840 per week and a credit union savings plan of $600 a week, which should be added to the $840 net salary, giving him a net weekly income of $1,440.
The court finds his present net weekly salary is at least $1,440. The court also finds the credible evidence proves that the defendant's salary had never been reduced but, in fact, has increased since the original order.
The plaintiff first learned that the court had not granted the motion for modification in December, 1994 when her attorney reviewed the court file. The credible evidence established and the court finds the plaintiff signed the stipulation believing defendant's representation that his salary had been reduced by about one third, therefore, she accepted a reduction in child support for the same amount. This was a material misrepresentation by the defendant for his own advantage and, therefore, would be unenforceable. Lownds v. Lownds, 41 Conn. 100,108. The court additionally finds that there was no waiver by the plaintiff. Within a month after finding out about the defendant's misrepresentation, the plaintiff filed this motion for contempt claiming an arrearage of $39,000. A waiver requires a CT Page 2120 finding of intentionally relinquishing a known right and no such finding is made under these facts.
For the reasons stated, the court finds that the original orders issued at the time of judgment on January 4, 1989, remain in full force and effect. In accordance with the terms of that judgment, an arrearage is found due and owing to the plaintiff of $39,000 to February 9, 1995.
The court must now decide whether the defendant was in wilful contempt, which may be negated by a mistaken belief that the court had modified the original court order. The defendant has paid the plaintiff $300 a week in child support during these past four years and erroneously believed the order had been modified by the court in March, 1990. Niles v. Niles, 9 Conn. App. 240, 254. The court is satisfied that the defendant's failure to pay the original child support order was not wilful. Therefore, the court finds that the defendant is not in wilful contempt.
The court must decide a fair and reasonable order for the defendant to pay the $39,000 arrearage due the plaintiff. Based on the previous finding that the defendant's present net weekly salary is at least $1,440, the court orders the payment of $100.00 a week on the arrearage and $450 a week in child support (the original order) for a total of $550. An immediate wage withholding order shall enter.
The court has considered but will not order payment of attorney fees. See § 46b-62 of the General Statutes. Each party shall be responsible for his or her own attorney's fees.
ROMEO G. PETRONI, JUDGE