[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON PLAINTIFF'S MOTION FOR CONTEMPTDATED MAY 30, 1997
The plaintiff has moved that the defendant be found in contempt for his failure to abide by the judgment of the court entered on February 8, 1989 providing for a payment of unallocated alimony and support in the amount of $4,500 per month.
On or about July 30, 1990, the plaintiff and the defendant entered into a written agreement by which the defendant agreed to pay and the plaintiff agreed to accept $2,000 monthly. On or about August 2, 1990, then counsel for the plaintiff filed a motion to modify alimony and support. The defendant at the time was not represented by counsel and believed that there was nothing further needing to be done by way of modification. The defendant paid the reduced amount to the plaintiff which was accepted without complaint.
Thereafter, the plaintiff, on or about June 10, 1996, filed an application for order to show cause in connection with a motion for contempt. This was heard by the court on July 11, 1996, followed by briefs from each of the parties and final arguments on July 29. The court, on September 27, 1996, delivered its Memorandum of Decision, denied the plaintiff's motion for contempt and ruled that the plaintiff was barred by laches and equitable estoppel from collecting arrearages of past due alimony and support. (See pages 8 and 9 of the court's Memorandum of Decision dated September 27, 1996.) However, the court noted at page 6 that the private agreement of the parties did not affect the decree, citing Lownds v. Lownds, 41 Conn. Sup. 100 (1988) and Brock v. Cavanagh, 1 Conn. App. 138, 141 (1984) and noted further: "The order of alimony and support can be modified only CT Page 8027 by the court." Thereafter, the court, by way of clarification, filed its Memorandum of Decision dated October 28, 1996. In that memorandum, the court again reiterated that the original orders of February 8, 1989 remain unchanged.
Despite the court's language on page 6 of the court's original Memorandum of Decision and the language in the court's clarification of October 28, 1996, the defendant continued to pay $2,000 to the plaintiff by way of unallocated alimony and support. Plaintiff, acting through her counsel, continued to claim the $4500 amount.
Counsel for the defendant maintains that there is an honest disagreement between the parties on whether the defendant should be paying $4500 per month or $2,000 per month. While the issue is perfectly clear to the court, nevertheless, the court understands the defendant's position on this motion and therefore does not find that the defendant intentionally and wilfully disregarded the orders of the court.
Based upon the evidence, the court does find an arrearage of $2,500 per month for the months of November, 1996, through and including July, 1997, or nine months at $2500 per month for a total arrearage of Twenty-two Thousand Five Hundred ($22,500) Dollars. The parties shall confer with respect to a resolution of the payment of this arrearage over a period of time. If they are unable to agree, they shall return to court for further orders.
The plaintiff also seeks attorney's fees and costs in connection with the prosecution of this motion and seeks Two Thousand ($2,000) Dollars in connection with this proceeding. However, there are numerous other motions which have been filed by the parties. An award of counsel fees can properly be requested pursuant to § 46b-62 of the General Statutes. The court has considered the financial affidavits of each of the parties and has considered the factors of § 46b-82 of the General Statutes in connection with this motion and awards Seven Hundred and Fifty ($750) Dollars by way of attorney's fees in connection with this motion. Said sum shall be paid to plaintiff's attorney within thirty (30) days of this date
EDGAR W. BASSICK, III, J. CT Page 8028