[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
In this case, the plaintiff, a former wife of the defendant, is suing for unjust enrichment as a result of an unusual factual situation.
The parties married in 1971 and were divorced in January, 1984. While the divorce was pending, the parties lived together in the mobile home with two minor children. Shortly following the judgment which dissolved the marriage the parties reconciled and lived as though married under one roof. Although the defendant was under a court order to pay $62.50 per week in child support for each of the two children, he admitted he did not make any such payments.
In 1984, the parties planned to build a house and did so. The title was taken in the name of the defendant only. The vast majority of the $84,000.00 purchase price came from a CHFA mortgage and funds that Mr. Zaks received from his family. The mortgage was taken in his name only because if the plaintiff had been on the mortgage her wages would put the parties over the CHFA income limit. However, Mrs. Zaks was a signatory to the parties' second mortgage with the Electric Boat Credit Union. She also claims, and it is undisputed, that she made numerous mortgage payments to the CHFA on the first mortgage and payments to other parties for the benefit of the household and that in 1990, she started making payments of $600.00 per month to Mr. Zaks around the time the second mortgage was entered into with the credit union in 1990. The plaintiff testified that the defendant had made a promise to her that if anything happened to him the house would go to her and the two children. The defendant disputes that the plaintiff made payments to the CHFA from 1985 to 1990. He also disputes that he said title to the house would go to her and the children and claims that title would go only to the children if he should die.
 Discussion
The plaintiff claims unjust enrichment in this case. The law regarding unjust enrichment is "the right of recovery for unjust enrichment is equitable, its basis being that in a given situation it is contrary to equity and good conscience for the defendant to retain a benefit which has come to him at the expense of the plaintiff. Schleicher v.Schleicher, 120 Conn. 528, 534 (1935) and National CSS, Inc. v.Stamford, 195 Conn. 587, 597 (1985). Unjust enrichment is consistent with the principles of equity, a broad and flexible remedy. Cecio Bros., Inc.v. Greenwich, 156 Conn. 561, 564 91968). Plaintiffs seeking recovery for CT Page 3654 unjust enrichment must prove (1) that the defendants were benefitted; (2) that the defendants unjustly did not pay the plaintiffs for the benefits; and (3) that the failure of payment was to the plaintiff's detriment." Bolmer v. Kocet, 6 Conn. App. 595, 612-13 (1986) and29 Conn. App. 191 200-01 (1992).
The plaintiff claims that the three requirements of unjust enrichment were proven, the defendant benefitted, the plaintiff lost, and the failure to pay was to the detriment of the plaintiff.
The question here is the measure of damages to be awarded to the plaintiff. The numbers are somewhat complicated. However, the court, first of all, finds that the plaintiff is not entitled to any child support because that was not raised in the complaint and it was also barred by the delay of some fifteen years. The plaintiff did not raise this issue until after she left the house. If there is an inexcusable delay in bringing the claim and the delay prejudices the defendant that constitutes laches and recovery cannot be had. Bozzi v. Bozzi,177 Conn. 232 (1979); Brock v. Cavanaugh, 1 Conn. App. 138 (1984). Here, the plaintiff has waited over fifteen years to seek recovery and such cannot be had in this case. However, with respect to unjust enrichment, the plaintiff is certainly entitled to some benefit for her contributions toward the house.
The evidence presented was undisputed that the house presently has a value of $150,000.00. The property consists of a two-Bedroom cape with three acres of land. The parties purchased the house for $84,000.00 in 1985. The mortgage was in the defendant's name only. He paid $38,000.00 using money from his grandfather's estate. She contributed $3,000.00 for a total down payment of $41,000.00. At a later time a new mortgage was obtained for $30,000.00 in both names and the plaintiff claims that she paid $150.00 each week or $600.00 per month on both mortgages for a period of six years. Accordingly, the court finds that she has contributed $21,600.00 toward the house. Subtracting the purchase price of $84,000.00 from the present value of the house of $150,000.00, present equity is $66,000.00 plus what ever was paid by the parties. The evidence is unclear as to what the present mortgage is on the house, however, it is certainly more than the $66,000.00 difference from the purchase price to the present value. The defendant has the house in his name and the court will rule that he may keep the house However, the plaintiff is entitled to one-half the equity of $66,000.00 or an amount of $33,000.00 plus the $21,600.00 that she contributed. Accordingly, the court awards the plaintiff $54,600.00 in full judgment in this case. The court denies any and all other claims filed by the plaintiff.
Judgment, therefore, may enter for the plaintiff in the amount of CT Page 3655 $54,600.00.
D. Michael Hurley, Judge Trial Referee