[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
FACTS
On January 17, 1996, the plaintiff, Yale-New Haven Hospital, filed an action in three counts against the defendants, Gerald Macari and Toni Macari. Counts one and three were directed against Gerald Macari, while count two was directed against Toni Macari. The plaintiff in its complaint alleges the following facts. In count one, the plaintiff alleges that on or after April 30, 1995, the plaintiff provided medical services to Gerald Macari with the expectation that it be paid for the same. For those services, the plaintiff is currently due a sum of $12,017.81, the reasonable value of said services, plus costs of suit and statutory interest. Although demand has been made, Gerald Macari has refused and/or neglected to the make payment.
Count two, which incorporates the factual allegations contained in count one, alleges that defendant Toni Macari is held responsible for the medical expenses of her spouse, Gerald Macari, pursuant to Connecticut General Statutes § 46b-37. CT Page 10151 Although the plaintiff has made a demand for payment, Toni Macari, has failed, refused and/or neglected to pay the amount due.
Count three, which incorporates the factual allegations contained in count one, alleges that Gerald Macari agreed to pay the said debt, including interest charges, reasonable attorney's fees and costs of suit pursuant to a written agreement. The written agreement is attached to the complaint and identified as Exhibit B.
On January 29, 1996, Gerald Macari and Toni Macari, filed an answer.[1] The defendants admit that the plaintiff provided medical services to Gerald Macari with the expectation that the plaintiff would be paid for those services. The defendants deny that they owe the plaintiff a sum of $12,017.81, plus costs of suit and statutory interest or that they have failed, refused and/or neglected to make payment. The defendants also deny that Toni Macari is responsible for the medical expenses of her spouse pursuant to Connecticut General Statutes § 46b-37. Defendant Gerald Macari denies agreeing to pay for said debt pursuant to the written agreement.
On August 7, 1996, the plaintiff moved for summary judgment. against both defendants on all three counts. The plaintiff filed a memorandum of law in support of its motion for summary judgment. The plaintiff also attached the Patient Account History of Gerald Macari, Exhibit A; the Provider Agreement, Exhibit B; and an affidavit from Angelo Pizzalo, Manager Patient Accounts at Yale-New Haven Hospital.
DISCUSSION
"Summary Judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." (Internal quotation marks omitted.) Hammer v. Lumberman's MutualCasualty Co., 214 Conn. 573, 578, 573 A.2d 699 (1990). "As the party moving for summary judgment, the plaintiff is required to support its motion with supporting documentation, including affidavits." Heyman Associates No. 1 v. Insurance Co. ofPennsylvania, 231 Conn. 756, 796, 653 A.2d 122 (1995).
"In deciding a motion for summary judgment, the trial court CT Page 10152 must view the evidence in the light most favorable to the nonmoving party." (Internal quotation marks omitted.) Doty v.Mucci, 238 Conn. 800, 805, ___ A.2d ___ (1996). "The burden of proof is on the moving party and the standards of summary judgment are strictly and forcefully applied." Miller v. UnitedTechnologies Corp., 233 Conn. 732, 752, 660 A.2d 810 (1995). "The movant must show that it is quite clear what the truth is, and that excludes any real doubt as to the existence of any genuine issue of material fact." (Internal quotation marks omitted.) Id., 751-52. Summary judgment his appropriate only if a fair and reasonable person could conclude only one way." Id., 751. "A summary disposition . . . should be on evidence which a jury would not be at liberty to disbelieve and which would require a directed verdict for the moving party. Brackets omitted, internal quotation marks omitted.) Id., 752.
"Although the party seeking summary judgment has the burden of showing the nonexistence of any [issue of] material fact . . . a party opposing summary judgment must substantiate its adverse claim by showing there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue. . . . (Internal quotation marks omitted.) Miller v. UnitedTechnologies, supra, 233 Conn. 745. "The existence of the genuine issue of material fact must be demonstrated by counteraffidavits and concrete evidence." 2830 Whitney Avenue Corp. v. HeritageCanal Development Associates, Inc., 33 Conn. App. 563, 567,636 A.2d 1377 (1994). "If the affidavits and the other supporting documents are inadequate, then the court is justified in granting the summary judgment, assuming that the movant has met his burden of proof." (Internal quotation marks omitted.) Id., 569. When a party moves for summary judgment "and there [are] no contradictory affidavits, the court properly [decides] the motion by looking only to the sufficiency of the [movant's] affidavits and other proof." Heyman Associates No. 1 v. Insurance Co. ofPennsylvania, supra, 231 Conn. 795.
"Mere assertions of fact . . . are insufficient to establish the existence of a material fact and, therefore, cannot refute evidence properly presented to the court [in support of a motion for summary judgment]." (Alterations in original; internal quotation marks omitted.) Home Ins. Co. v. Aetna Life CasualtyCo., 235 Conn. 185, 202, 663 A.2d 1001 (1995).
The plaintiff moves for summary judgment on all three counts of its complaint on three grounds. First, the plaintiff moves for CT Page 10153 summary judgment on count three on the ground that there is no genuine issue of material fact as to the existence of an express contract in which Gerald Macari promised to pay for the services rendered by Yale-New Haven Hospital on and after April 30, 1995. In the Provider's Agreement (Exhibit B), Gerald Macari, agreed to the following: "in consideration of the services rendered to me will pay the above provider's [Yale-New Haven Hospital's] bills in accordance with the terms of the [Yale-New Haven Hospital] . . . Should the account be referred for collection after default, agree to pay all costs of collection, including reasonable attorney's fees." The plaintiff argues that because the terms of the contract are clear and unambiguous summary judgment should enter in the plaintiff's favor as there is no genuine issue of material fact, and the plaintiff is entitled to judgment as a matter of law.
"Where there is definitive contract language, the determination of what the parties intended by their contractual commitments is a question of law." Thompson Peck, Inc. v.Harbor Marine Cont. Corp., 203 Conn. 123, 131, 523 A.2d 1266
(1987). Where "the parties have reduced their agreement to a writing, their intent is to be determined from the language used interpreted in the light of the situation of the parties and the circumstances connected with the transaction. The question is not what intent existed in the minds of the parties but what intention is expressed in the language used." (Internal quotation marks omitted.) Mulligan v. Rioux, 229 Conn. 716, 740,643 A.2d 1226 (1994). It is well established that "where the language of a contract is clear and unambiguous, the contract is to be given effect according to its terms. A court will not torture words to import ambiguity where the ordinary meaning leaves no room for ambiguity. . . ." (Internal quotation marks omitted.) Barnard v.Barnard, 214 Conn. 99, 110, 570 A.2d 690 (1990).
The financial agreement signed by the defendant, Gerald Macari, leaves no ambiguity as to the obligation of each party. The defendant agreed to pay according to the terms of the agreement with Yale-New Haven Hospital in return for services to be provided by the hospital. Because the terms of the agreement are clear and unambiguous, the court may find as a matter of law that Gerald Macari agreed to compensate the plaintiff monetarily in consideration for services to be rendered to him.
Gerald Macari has admitted in his answer to the complaint that Yale-New Haven Hospital did provide the defendant with CT Page 10154 medical services. Furthermore, Angelo Pizzola, Manager Patient Accounts, in his affidavit attests to the fact that "Yale-New Haven Hospital rendered medical services to the Defendant Gerald Macari with the expectation that it be paid for same" and that "[t]here is currently due the sum of $12,017.81 in principal damages, the reasonable value of the services, plus interest, reasonable attorney's fees and costs of suit." The Provider's Agreement (Exhibit B), the Patient Account History (Exhibit A) along with the affidavit of Angelo Pizzola satisfies the plaintiff's burden of establishing the nonexistence of any genuine issue of material fact as to the defendant Gerald Macari's liability under the contract to pay for medical services rendered to him by Yale-New Haven Hospital. "When a motion for summary judgment is supported by affidavits and other documents, an adverse party, by affidavits or as otherwise provided by [Practice Book] 380, must set forth specific facts showing that there is a genuine issue for trial, and if he does not so respond, the court is entitled to rely upon the facts stated in the affidavit of the movant." Kakadelis v. DeFabritis, 191 Conn. 276,280-81, 464 A.2d 57 (1983). The court grants the plaintiff's motion for summary judgment because there is no genuine issue of material fact to be tried.
The plaintiff moves for summary judgment on count one of its complaint on the ground that an implied contract for medical services existed between Yale-New Haven Hospital and Gerald Macari. Because the express contract between the parties is dispositive on the question of summary judgment, it is unnecessary to determine whether the plaintiff is also entitled to summary judgment under an implied contract theory, and summary judgment should enter for the plaintiff on count one.
 II.
The plaintiff moves for summary judgment as to count two against defendant Toni Macari for the hospital expenses incurred by her spouse, Gerald Macari. The plaintiff avers that because Toni Macari was the spouse of Gerald Macari at the time medical services were rendered, she is responsible under Connecticut General Statutes § 46b-37[2], and, therefore, she is legally obligated to pay the reasonable value of those services.
"Under § 46b-37 (b) it is the `joint duty' of each spouse to support the family and both shall be liable for hospital expenses rendered the husband or wife." Yale University School of
CT Page 10155Medicine v. Esther Collier, 206 Conn. 31, 37, 536 A.2d 588
(1988). "Prior to the evolutionary changes in our common law wrought by the Married Women's Act of 1877, and its statutory progeny, the plaintiffs would not have been able to maintain these actions. Id., 36. "[W]hen a statute is in derogation of common law or creates a liability where formerly none existed, it should receive a strict construction and is not to be extended, modified, repealed or enlarged in its scope by the mechanics of construction." (Internal quotation marks omitted.) Id. Angelo Pizzola attests in his affidavit that defendant Toni Macari is the spouse of Gerald Macari. "[T]he party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue. . . ." (Internal quotation marks omitted.) Doty v. Mucci, supra, 238 Conn. 808. Moreover, "when a motion for summary judgment is supported by affidavits and other documents, an adverse party, by affidavit or as otherwise provided by [Practice Book] 380, must set forth specific facts showing that there is a genuine issue for trial, and if [she] does not so respond, the court is entitled to rely upon the facts stated in the affidavit of the movant." (Internal quotation marks omitted.) Kakadelis v. DeFabritis, supra,191 Conn. 280-81. Toni Macari has provided no concrete evidence or documentation that would raise a genuine issue as to any material fact about whether she falls within the scope of the Connecticut General Statutes § 46b-37 (b)(2). When viewing the evidence in the light most favorable to the defendant and interpreting Connecticut General Statutes § 46b-37 strictly, the court grants the plaintiff's motion for summary judgment.
Kevin P. McMahon, Judge