[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This matter is before the court upon reversal and remand from the Appellate Court. Anquillare, Lipncki, Ruocco Co. v. VCR RealtyAssociates, 72 Conn. App. 821 (2002). The case was remanded with direction to render judgment for the plaintiff on the merits of its claim and for further proceedings to determine the amount of damages. Id., 831.
The plaintiff asserts and the defendants do not dispute that the principal amount of the damages owed the plaintiff is $4,013.46. The remaining dispute concerns whether the plaintiff should be awarded interest pursuant to General Statutes § 37-3a.
The plaintiff maintains that it is entitled to interest at the rate of ten per cent a year as damages for the detention of money wrongfully withheld. It asserts that the defendants should pay interest on its damage award of $4,013.46 because of the defendants' unjustifiable failure to pay for the professional services rendered by the plaintiff when due.
The defendant contends that the plaintiff is not entitled to prejudgment interest pursuant to General Statutes § 37-3a because the plaintiff failed to cite the statute in its complaint. The defendant also argues that the court should not award such interest because the plaintiff failed to diligently pursue its underlying claim for the payment of professional services rendered.
The plaintiff, an accounting firm, brought this action for breach of contract against the defendant partnership VCR Realty Associates and its general partners, Vincent Farricielli and Richard Farricielli. The plaintiff alleged that it had not been paid for professional services provided to the defendant partnership during the administration of its bankruptcy estate. During the period from November 30, 1992 through July 16, 1993, the plaintiff provided accounting services to the defendant VCR CT Page 2027 Realty Associates worth $4,013.46, for which it was not paid.
The plaintiff asks the court to award it interest in the amount of $3,862.43 pursuant to General Statutes § 37-3a. General Statutes § 37-3a provides in relevant part that "[I]nterest at the rate of ten per cent a year, and no more, may be recovered and allowed in civil actions . . . as damages for the detention of money after it becomes payable."
"The allowance of prejudgment interest as an element of damages is an equitable determination and a matter lying within the discretion of the trial court . . . Before awarding interest, the trial court must ascertain whether the defendant has wrongfully detained money damages due the plaintiff . . . Interest on such damages ordinarily begins to run from the time it is due and payable to the plaintiff . . . The determination of whether or not interest is to be recognized as a proper element of damage, is one to be made in view of the demands of justice rather than through the application of an arbitrary rule." (Citations omitted; internal quotation marks omitted.) West Haven Sound DevelopmentCorp. v. West Haven, 207 Conn. 308, 321, 541 A.2d 858 (1988).
"A trial court must make two determinations when awarding compensatory interest under § 37-3a: (1) whether the party against whom interest is sought has wrongfully detained money due the other party; and (2) the date upon which the wrongful detention began in order to determine the time from which interest should be calculated. Metcalfe v. Talarski,213 Conn. 145, 160, 567 A.2d 1148 (1989); West Haven Sound DevelopmentCorp. v. West Haven, supra, 207 Conn. 321." Blakeslee Arpaia Chapman,Inc. v. EI Const., Inc., 239 Conn. 708, 734-35 (1997).
The funds that should have been paid to the plaintiff as payment for the accounting services it rendered were wrongfully withheld by the defendants. The amount due was liquidated in that the defendants knew how much they were to pay and to whom to pay it. Costello v. HartfordInstitute of Accounting, Inc., 193 Conn. 160, 165 (1984). No good faith dispute existed as to the amount due or the quality of the services provided. In short, the defendants have offered no excuse to justify their failure to promptly pay the amount owed the plaintiff.
Rather, the defendants contend that the plaintiff should not be awarded compensatory interest because the plaintiff failed to specifically request interest pursuant to General Statutes § 37-3a. Practice Book § 10-3(a) provides that "When any claim made in a complaint, cross complaint, special defense or other pleading is grounded on a statute, the statute shall be specifically identified by its number." This rule, CT Page 2028 however, has been construed as directory rather than mandatory. Colon v.City of New Haven, 60 Conn. App. 178, 188 n. 4 (2000). "As long as the defendant is sufficiently apprised of the nature of the action, the failure to comply with the directive of Practice Book § 10-3(a) will not bar recovery." (Citations omitted.) Id.
The prayer for relief in the plaintiff's complaint requests monetary damages and interest. Although the request for interest refers to interest at the rate of eighteen percent per year, which is considerably above the statutory rate of 10%, the defendants were put on notice that the plaintiff would be seeking an award of interest. The plaintiff's failure to specifically cite General Statutes § 37-3a does not bar its recovery of interest.
The defendants further argue that the award of interest to the plaintiff would be inequitable due to the long lapse in time between the date payment was due and the filing of this action. The defendants' claim is essentially one of laches which bars a plaintiff from seeking equitable relief in a case in which there has been an inexcusable delay that has prejudiced the defendant. Treglia v. Zanesky, 67 Conn. App. 447,459 (2001).
"Laches occurs when neglect or omission to assert a right taken in conjunction with lapse of time and other circumstances, causes prejudice to an adverse party so as to operate as a bar to relief in equity. Blacks Law Dictionary (6th Ed. 1990). `Laches consists of two elements. First, there must have been a delay that was inexcusable, and, second, that delay must have prejudiced the defendant. Kurzatkowski v. Kurzatkowski,142 Conn. 680, 684-85, 116 A.2d 906 (1955) . . . The mere lapse of time does not constitute laches . . .' (Citations omitted; internal quotation marks omitted.) Bozzi v. Bozzi, 177 Conn. 232, 239, 413 A.2d 834 (1979)."Traggis v. Shawmut Bank Connecticut, N.A., 72 Conn. App. 251, 262
(2002).
The defendants have made no claim and have offered no evidence that they have been prejudiced by the plaintiff's delay in enforcing its right to payment. It would not be inequitable to require the defendants to pay the money they owe with interest in order to compensate the plaintiff for the delay in receiving funds rightfully due them.
A review of the record indicates that the first invoice presented to the defendants was dated April 29, 1993. I find that date to constitute the date upon which the wrongful detention began and use it to determine the time from which interest should be calculated. Based on the affidavit filed by the plaintiff and calculating interest at the rate of 10%,[1]
CT Page 2029 I find it appropriate under the circumstances of this case to award compensatory interest in the amount of $3,862.43.
In light of the above, judgment shall enter in favor of the plaintiff in the amount of $7,875.89, of which $4013.46 represents principal damages and $3,862.43 represents interest.
BY THE COURT
Judge Jon M. Alander